

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 13, 2004

Mr. C. Tom Clowe Jr.                                    Opinion No. GA-0248
Chair, Texas Lottery Commission
Post Office Box 16630                                   Re:  Whether the Bingo TVNet Corporation may
Austin, Texas 78761-6630                               legally conduct BingoTV within the State of Texas
                                                        (RQ-0198-GA)

Dear Mr. Clowe:

You ask whether Occupations Code chapter 2001, which provides for regulating bingo, authorizes or prohibits the operation in Texas of BingoTV[1] as described by the Bingo TVNet Corporation in the letter attached to your request.[2] You also ask whether the activity described by the Bingo TVNet Corporation is a legal "sweepstakes" under Texas law. *See* Request Letter, *supra* note 1.

The Bingo TVNet Corporation writes that "BingoTV is a broadcast promotion sponsored by the Bingo TVNet Corporation, and presently delivered via Dish Network channel 104," available free of charge to all Dish Network subscribers. Bahr Letter, *supra* note 2, at 1. Persons not subscribing to Dish Network may play online simultaneously with persons receiving the broadcast. *Id.* at 2. "There is no purchase necessary to play BingoTV. Members of the public can obtain game cards . . . without charge by sending a stamped self addressed envelope to a designated post office box." *Id.* at 1. "Viewers mark their cards with pennies or other household items." *Id.* The letter from the Bingo TVNet Corporation further states:

> BingoTV will conduct the [g]ame using 99 numbered balls, which are
> selected randomly from an approved bingo device. Viewers who
> successfully complete the designated pattern call a toll free number
> within two minutes after having achieved "bingo". The bingo is
> validated by computer using a unique serial number which appears on
> the cards' face. . . . Multiple winners will each win the same prize.

---

[1]Letter from Mr. C. Tom Clowe Jr., Chair, Texas Lottery Commission, to Honorable Greg Abbott, Texas Attorney General (Mar. 17, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Letter from Mr. Ira Bahr, President, Bingo TVNet Corporation, to Mr. William Adkins, Director, Bingo Division, Texas Lottery Commission (Feb. 3, 2004) (attached to Request Letter) [hereinafter Bahr Letter].

·

> Once the first bingo is validated, no further numbers will be called. Various cash and merchandise prizes will be offered from game to game and the prizes will vary in nature and value over time. . . . Online winners will also call the toll free number to register their claims of bingo.

*Id.* at 1-2.

Information from BingoTV's internet site explains the promotional aspect of the bingo broadcast as follows:

> Each of our Bingo Games is title sponsored by one key advertiser. . . . In each case, the game revolves around the advertised product. First, the bingo pattern which viewers need to achieve shall be connected with the product. "We're playing for a new [vehicle], and our bingo pattern is the letter ['V']." The advertised product will appear on the BingoTV stage. . . . Our hosts will physically demonstrate key features, while spokespeople and advertiser executives are given the opportunity to appear on camera with the BingoTV hosts to discuss the product.

BINGO TV, *About BingoTV*, *available at* http://www.bingotv.com/about.html (last visited Sept. 7, 2004). BingoTV, designed to address the problem of audience loss during commercials, is a vehicle "in which products *are* the program." *Id.*

Article III, section 47 of the Texas Constitution provides that "[t]he Legislature shall pass laws prohibiting lotteries and gift enterprises in this State," subject to limited exceptions for charitable bingo, charitable raffles, and the state lottery. TEX. CONST. art. III, § 47. *See* Tex. Att'y Gen. Op. Nos. GA-0103 (2003) at 1, JC-0482 (2002) at 5. Section 47(b) provides that the legislature may "authorize and regulate bingo games conducted" by various religious, fraternal, and charitable organizations. TEX. CONST. art. III, § 47(b); *see also id.* § 47(c) (legislation authorizing bingo must include certain reporting requirements and civil and criminal penalties). The legislature has adopted the Bingo Enabling Act (the "Act") and charged the Texas Lottery Commission (the "Commission") with administering it. *See* TEX. OCC. CODE ANN. §§ 2001.001, .051 (Vernon 2004). The Act provides for licensing persons to conduct bingo for charitable purposes and for penalizing persons who unlawfully conduct, promote, or administer bingo. *See id.* §§ 2001.102(9), .454, .551.

You state that the first question should focus on section 2001.551 of the Occupations Code, which defines the offense of conducting, promoting, or administering unlawful bingo and provides that it is a third degree felony. "Bingo" is defined for purposes of section 2001.551 as

> a specific game of chance, commonly known as bingo or lotto, in which prizes are awarded on the basis of designated numbers or symbols on a card conforming to numbers or symbols selected at

random, *whether or not a person who participates as a player furnishes something of value for the opportunity to participate.*

*Id.* § 2001.551(a) (emphasis added). BingoTV, as described by the Bingo TVNet Corporation, is "bingo" within the quoted definition.

Section 2001.551(b) addresses bingo offenses and provides that:

(b) A person conducting, promoting, or administering bingo commits an offense if the person conducts, promotes, or administers bingo other than:

(1) under a license issued under this chapter;

(2) within the confines of a home for purposes of amusement or recreation when:

. . . .

(C) the prizes awarded or to be awarded are nominal;

(3) on behalf of an organization of individuals 60 years of age or over, a senior citizens' association [and other specific groups listed in the statute] when:

(A) no player or other person furnishes anything of more than nominal value for the opportunity to participate; and

(B) the prizes awarded or to be awarded are nominal; or

(4) on behalf of a business conducting the game for promotional or advertising purposes if:

(A) the game is conducted by or through a newspaper or a radio or television station;

(B) participation in the game is open to the general public and is not limited to customers of the business;

(C) playing materials are furnished without charge to a person on request; and

> (D) no player is required to furnish anything of
> value for the opportunity to participate.

*Id.* § 2001.551(b). *See also id.* 2001.551(f) (game exempted under subsection (b)(4) is subject to additional provisions relating to the involvement of persons licensed under chapter 2001, the purchase and sale of bingo equipment or supplies, and information to be provided to the Commission).

The Bingo TVNet Corporation is not licensed to conduct bingo in Texas, *see* Request Letter, *supra* note 1, and is therefore not within section 2001.551(b)(1). A game exempted by the other provisions of section 2001.551(b) need not be licensed under chapter 2001. *See* TEX. OCC. CODE ANN. § 2001.551(c) (Vernon 2004). Subsections (b)(2) and (3) do not apply to BingoTV. Because BingoTV is conducted "for promotional or advertising purposes . . . by or through a . . . television station," *see id.* § 2001.551(b)(4)(A), we will consider whether it qualifies for exemption under subsection (b)(4).

This question raises novel issues. The court in *State v. Socony Mobil Oil Co.*, 386 S.W.2d 169 (Tex. Civ. App.–San Antonio, 1964, writ ref'd n.r.e.) and several attorney general opinions, *see* Tex. Att'y Gen. Op. Nos. M-481 (1969); C-108 (1963); WW-1421 (1962); WW-652 (1959), concluded that various forms of televised promotional bingo were not lotteries within article III, section 47, but BingoTV has complexities not addressed by these rulings. We have found no judicial decision or attorney general opinion that construes section 2001.551(b)(4). Nor does the Commission's rule on exemptions from licensing requirements refer to the exemption authorized by subsection (b)(4). *See* 16 TEX. ADMIN. CODE § 402.549 (2004) (requirements for a group or organization conducting bingo without a license).

While BingoTV is conducted "by or through a . . . television station," TEX. OCC. CODE ANN. § 2001.551(b)(4)(A) (Vernon 2004), it is also conducted online, a method of communication not authorized by subsection (b)(4). Thus, BingoTV as described by the Bingo TVNet Corporation does not comply with subsection (b)(4).

Section 2001.551(b)(4)(B) requires "participation in the game . . . [to be] open to the general public and . . . not limited to customers of the business." *Id.* § 2001.551(b)(4)(B). Participation in BingoTV is not limited to customers of the businesses whose products are advertised during a bingo game, nor is it limited to customers of the Bingo TVNet Corporation. However, participation in the game is not open to the general public, because BingoTV is available on television only to subscribers to Dish Network. The Bingo TVNet Corporation may not conduct bingo online. *See id.* § 2001.551(b)(4) (no authority to conduct bingo online without a license). Thus, the corporation cannot claim that BingoTV is available to the general public because it can be played online. BingoTV therefore does not comply with subsection (b)(4)(B). In answer to your first question, we conclude that BingoTV fails to comply with certain of the conditions forming the exemption provided by section 2001.551(b)(4) of the Occupations Code. Accordingly, the Bingo Enabling Act does not authorize the Bingo TVNet Corporation to conduct BingoTV in Texas.

You also ask whether BingoTV is a legal "sweepstakes" under Texas law. Business and Commerce Code chapter 45, which regulates "sweepstakes" conducted through the mail, defines "sweepstakes" for purposes of chapter 45 as "a contest that awards one or more prizes based on chance or the random selection of entries." *See* TEX. BUS. & COMM. CODE ANN. §§ 45.001(7), .002 (Vernon Supp. 2004-05) (prohibitions on conducting sweepstakes through the mail). Based on the information provided by the Bingo TVNet Corporation, chapter 45 is not relevant to BingoTV. While other Texas statutes relate to particular kinds of sweepstakes, none of these appear to be relevant to BingoTV, as described in this opinion. *See, e.g.,* TEX. ALCO. BEV. CODE ANN. § 102.07(e) (Vernon Supp. 2004-05) (conduct of certain sweepstakes by certain permit holders); TEX. UTIL. CODE ANN. §§ 17.102, 64.102 (Vernon Supp. 2004-05) (protection of consumers from deceptive practices, including sweepstakes, that may cause consumers to unknowingly change their telecommunications service provider). We have no basis for concluding that BingoTV is a legal "sweepstakes" under any Texas law.

## S U M M A R Y

The Bingo Enabling Act, Texas Occupations Code chapter 2001, does not authorize the Bingo TVNet Corporation to conduct BingoTV in Texas. BingoTV is not a legal "sweepstakes" within any Texas law.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee